KIRSCHNER, APPELLEE, *v.* RICHTER CONCRETE CORP., APPELLANT.

(No. 7574—Decided June 2, 1952.)

*Mr. Leonard Kirschner,* for appellee.
*Mr. John M. McCaslin, Jr.,* for appellant.

*Per Curiam.* The plaintiff ordered three loads of ready-mixed concrete from the defendant, to be de-

livered on a designated day. The concrete consisted of three cubic yards in each load contained in a revolving cylinder upon a heavy delivery truck.

The plaintiff had employed certain workmen to use this concrete in the making of a platform in his rear yard, 100 feet from the street. What their authority was other than to spread this concrete is not disclosed.

When defendant arrived to deliver the concrete, the plaintiff was not there to receive it and give instructions as to the exact place and method of delivery. The defendant's driver parked the truck at the curb in front of the house and went to the rear to make inquiry. He found these workmen and inquired of them as to where delivery should be made. They requested him to make delivery. He was asked to deliver the concrete in the rear where it was to be spread. To do this required running the loaded truck over two runway strips leading from the sidewalk to the rear. He asked the workmen whether it was "all right to come over the driveway." They said "Yes. We haven't got no wheelbarrows and that is an awful longways to wheel that concrete as much as it is going to take to go back there. It is perfectly all right to come over the driveway." The driver said "Well it is liable to get busted up." One of the laborers said "Well, if it gets busted up we will fix it on the last load."

The driver thereupon ran the loaded truck over the concrete driveway and damaged the driveway by cracking and crushing the runways in many places.

In the bill of particulars in this action, it is alleged that the defendant recklessly drove the truck over the driveway without warning the plaintiff that it would damage the driveway.

There is no evidence of failure to warn. If the workmen in the rear had authority in the premises, the

defendant did give a warning to the plaintiff, as has already been disclosed. There was no contrary evidence.

There is no evidence as to the authority of these workmen other than that they were engaged as manual laborers to spread this concrete.

On this evidence, the Municipal Court found for the plaintiff and rendered judgment for the damage proven. No special finding of facts was made.

On appeal to the Common Pleas Court, the judgment was affirmed and the case is here on appeal from the Common Pleas Court.

In view of the state of the record, the question before this court is whether upon any rational theory of the evidence and any applicable principle of law, the judgment can be sustained. If it can, it is our duty to affirm the judgment.

In the absence of a license or authority from the owner, the defendant had no right to enter and damage the driveway. The burden of justification rested upon it.

Certainly, the order for concrete by the plaintiff did not give a license to the defendant to destroy the driveway. The defendant's justification must rest upon the proposition that the workmen engaged in spreading concrete were authorized by the plaintiff to give his consent.

If we assume that these workmen would have had authority to direct delivery, could it have been done without injury to the property, it is quite another thing to say that their authority extended to permitting the destruction of the driveway. The court could reasonably conclude that their authority did not extend that far.

The defendant knowing that the driveway would likely be damaged and require reconstruction is not

in a position to say that that was within the apparent authority of the workmen, even assuming that they had authority to direct delivery if it could be done without damage to the property.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.